LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN, INC.
JOY STEPHENSON-LAWS   (SBN 113755)
jstephenson@sacfirm.com
RICHARD A. LOVICH   (SBN 113472)
rlovich@sacfirm.com
KARLENE J. ROGERS-ABERMAN  (SBN 237883)
kaberman@sacfirm.com
DAVID F. MASTAN   (SBN 152109)
dmastan@sacfirm.com
BARBARA V. LAM   (SBN 231073)
blam@sacfirm.com
303 N. Glenoaks Blvd., Suite 700
Burbank, CA 91502
Telephone:     (818) 559-4477
Facsimile:     (818) 559-5484

Attorneys for Plaintiff
 STANFORD HEATLH CARE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD HEALTH CARE, a California Non-Profit Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHEFS WAREHOUSE, INC., WELFARE BENEFIT PLAN, a Delaware entity; TRUSTMARK HEALTH BENEFITS, INC., a Delaware entity; and DOES 1 THROUGH 25, INCLUSIVE,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1.  BREACH OF ORAL CONTRACT;<br><br>2.  BREACH OF IMPLIED-IN-FACT CONTRACT; and<br><br>3.  *QUANTUM MERUIT* |

# PARTIES

1.      Plaintiff Stanford Health Care ("Stanford Hospital") is a non-profit public benefit corporation organized and existing pursuant to the laws of the State of California. Stanford Hospital has its principal place of business in the City of Palo Alto, County of Santa Clara, State of California. Stanford Hospital renders medically necessary care to patients. Among other hospitals, Stanford Hospital provides medical services (including emergency related medical services) to patients.

2.      Defendant The Chefs Warehouse, Inc., Welfare Benefit Plan ("Chef's Warehouse") is a corporation qualified to do business in the State of California and organized and existing pursuant to the laws of the State of Delaware. Chef's Warehouse has its principal place of business in the City of Ridgefield, County of Fairfield, State of Connecticut. Among other things, Chef's Warehouse is in the business of arranging, providing, issuing, financing, underwriting, administering, sponsoring, and/or paying for the provision of health care services to its members.

3.      Defendant Trustmark Health Benefits, Inc. ("Trustmark") is a for profit company qualified to do business in the State of California and organized and existing pursuant to the laws of the State of Delaware. Trustmark has its principal place of business in the City of Lake Forest, county of Lake, State of Illinois. Among other things, Trustmark is in the business of arranging, providing, issuing, financing, underwriting, administering, sponsoring, and/or paying for the provision of health care services to its members.

1      4.      Stanford Hospital is unaware of the true names and capacities, whether corporate, associate, individual, partnership or otherwise of defendants Does 1 through 25, inclusive, and therefore sues such defendants by such fictitious names. Stanford Hospital will seek leave of the Court to amend this Complaint to allege their true names and capacities when ascertained.

5.      Chef's Warehouse, Trustmark, and Does 1 through 25, inclusive, shall be collectively referred to as "Defendants."

6.      Defendants, and each of them, at all relevant times, have transacted business in the State of California. The violations alleged within this Complaint have been and are being carried out in the State of California.

7.      Stanford Hospital is informed, believes, and thereon alleges that at all relevant times, each of the defendants, including the defendants named "Doe" were and are the agent, employee, employer, joint venturer, representative, alter ego, subsidiary, and/or partner of one or more of the other defendants, and were, in performing the acts complained of herein, acting within the scope of such agency, employment, joint venture, or partnership authority, and/or are in some other way responsible for the acts of one or more of the other defendants.

## COMMON FACTUAL BACKGROUND

8.      Stanford Hospital is informed and believes and thereon alleges Defendants have failed to properly pay Stanford Hospital for medically necessary services (including emergency related medical services) rendered to the

patients (the "Patients") identified on the spreadsheet attached herein as **Exhibit A**[1] to this Complaint (and which is incorporated herein by this reference as though set forth in full), who were members of Defendants' commercial health plans that arranged, provided, issued, financed, underwrote, administered, sponsored, and/or paid by Defendants.

9. At all relevant times, Stanford Hospital is informed and believes and thereon alleges that Defendants instructed its members to go to the nearest emergency hospital to obtain medically necessary services (including emergency related medical services) when the members believe they are experiencing an emergency medical condition.

10. At all relevant times, Stanford Hospital is informed and believes and thereon alleges that Defendants instructed (through words or conduct) its members that Defendants will pay the hospital directly when medically necessary services, including emergency related services, are provided to the members.

11. At all relevant times, Stanford Hospital is informed and believes and thereon alleges that pursuant to state and federal laws, hospitals with an emergency department, such as Stanford Hospital, are required by law to provide emergency services regardless of the patient's financial status or insurance coverage.

12. At all relevant times, Stanford Hospital is informed and

---

[1] For the purpose of this public filed document, Stanford Hospital has limited disclosure of the patient identification here pursuant to the privacy provisions of the Health Insurance Portability & Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320 *et seq.*, and the California Constitution, art. 1 § 1.

believes and thereon alleges that pursuant to state and federal laws, health plans, such as Defendants, are required by law to pay hospitals the reasonable value for medically necessary services (including emergency related medical services) rendered to their members regardless whether the services were rendered in-network or out-of-network.

13. At all relevant times, the Defendants informed Stanford Hospital that the Patients were covered for the services to be rendered and authorized the services to be rendered.

14. Accordingly, Stanford Hospital rendered medically necessary services (including emergency related medical services) to the Patients during the various dates of service, identified in **Exhibit A**.

15. At all relevant times, Stanford Hospital is informed and believes and thereon alleges that Defendants authorized the medically necessary services (including emergency related medical services) rendered to the Patients.

16. At all relevant times, Defendants held itself out to be the responsible payor for the medically necessary services (including emergency related medical services) provided to the Patients.

17. The reasonable value of Stanford Hospital's medically necessary services rendered to the Patients totaled at least $519,398.73, which is also Stanford Hospital's usual and customary full bill charges.

18. Stanford Hospital timely and properly submitted to Defendants for payment its full bill charges of $519,398.73, which is the reasonable value for

the medically necessary services rendered to the Patients.

19. Within the past two years, Stanford Hospital demanded Defendants to pay for the medically necessary services (including emergency related medical services) it rendered to the Patients. But Defendants paid only a portion and failed to pay the amount due of $454,064.01 for the medically necessary services (including emergency related medical services) rendered to the Patients. Furthermore, Defendants failed to assign the remaining amount due to patient responsibility.

20. Despite timely demand for full payment, Defendants refused to pay Stanford Hospital for the medically necessary services (including emergency related medical services) rendered to the Patients. As a result, Stanford Hospital suffered damages in an amount to be proven at trial but not less than the sum of $454,064.01, exclusive of interest.

## FIRST CAUSE OF ACTION
(Breach of Oral Contract)
(Against all Defendants)

21. Stanford Hospital incorporates by reference and re-alleges paragraphs 1 through 20 here as though set forth in full.

22. On or about the admission dates indicated in the attached **Exhibit A**, Stanford Hospital spoke with Defendants' representatives to verify the Patients' eligibility under Defendants' health plan and to confirm that Defendants would pay for the medical services (including emergency related medical services). In response, Defendants' agents orally advised Stanford Hospital of any applicable

copayment, coinsurance and deductible amounts and represented that: i) the Patients were eligible beneficiaries under Defendants' health plan; and ii) Stanford Hospital would be reimbursed for the medically necessary services provided to the Patients at Stanford Hospital's usual and customary total billed charges, subject to the copayments, coinsurance, or deductible amounts disclosed. In various instances, a treatment authorization number was issued.

23. In exchange, Stanford Hospital promised to provide, and did provide, medically necessary services (including emergency related medical services) to the Patients.

24. Based upon such promises, Stanford Hospital and Defendants entered into oral contracts regarding the rendering of medical care (including emergency related medical services) and payment for medical care to be rendered to the Patients.

25. Stanford Hospital has performed all conditions required by it on its part to be performed in accordance with the terms and conditions of the oral contracts.

26. Defendants breached the oral contracts by failing to pay Stanford Hospital's usual and customary total billed charges, subject to the copayments, coinsurance, or deductible amounts disclosed for the medical care (including emergency related medical services) provided to the Patients.

27. As a direct and proximate result of Defendants' breaches, Stanford Hospital suffered damages in the amount of $454,064.01, exclusive of interest.

**SECOND CAUSE OF ACTION**

(Breach of Implied-In-Fact Contract)

(Against all Defendants)

28.     Stanford Hospital incorporates by reference and re-alleges paragraphs 1 through 20 here as though set forth in full.

29.     As is custom and practice in the health care industry, sometimes hospitals and health plans form contracts through their conduct even though they do not exchange express promises, contracts under which a hospital agrees to render medically necessary services (including emergency related medical services) to a member of a health plan; and in return the health plan agrees to pay for such health care at the hospital's regular rates in place at the time of service. Such implied-in-fact contracts can arise from a variety of manifested conduct which includes, among other things,: (a) when a hospital calls up the health plan to ask for authorization of care for a particular member of that health plan and the plan does not deny and/or does not coordinate the transfer of its members, (b) when a hospital calls up the health plan to provide concurrent review during the hospital stay and the plan does not deny and/or does not coordinate the transfer of its members, or (c) when a hospital renders medical care to a health plan's member in an emergency situation.

30.     Prior to the treatment rendered by Stanford Hospital to the Patients, through custom and practice, Stanford Hospital and Defendants impliedly agreed and understood that Stanford Hospital would render medically necessary services (including emergency related medical services) to Defendants' members, submit its full bill charges for such services to Defendants, and that Defendants would pay Stanford Hospital at the reasonable value (i.e., Stanford Hospital's usual

and customary full bill charges) for the necessary medical services rendered to the Patients.

31. Prior to the treatment rendered by Stanford Hospital to the Patients, Stanford Hospital is informed and believes and thereon alleges that Defendants instructed its members to go to the nearest emergency hospital to obtain medically necessary services (including emergency related medical services) when the members believe they are experiencing an emergency medical condition

32. Thus, at all relevant time, by its words and/or conduct, Defendants requested that Stanford Hospital provides the Patients set forth in Exhibit A with medically necessary services (including emergency related medical services). In other word, Defendants, and/or its agents, acknowledged the need for medical services for the Patients and requested that Stanford Hospital provide medically necessary services (including emergency related medical services) to the Patients by authorizing and issuing partial payment on the claims. By such conduct, it was understood between Stanford Hospital and Defendants that, in exchange for Stanford Hospital providing medically necessary services to the Patients, Defendants would pay Stanford Hospital the reasonable value (i.e., Stanford Hospital's usual and customary full bill charges) of the services rendered.

33. Defendants own conduct manifested an implicit request for Stanford Hospital to render medically necessary services (including emergency related medical services) to its members: first, Defendants instructed its members to seek emergency relates medical services at the nearest emergency hospital; second, Defendants verified insurance eligibility information for the Patients under Defendants' health plans; third Defendants authorized the medical services for the

Patients; fourth, Defendants failed to make arrangement to transfer the Patients to another hospital; and fifth, Defendants issued partial payment for the medical services rendered to the Patients.

34. At all relevant times, Stanford Hospital and Defendants had entered into an implied-in-fact contract as demonstrated by custom and practice, as well as, the actions and conduct of Defendants.

35. Stanford Hospital performed all conditions required on its part to be performed in accordance with the terms and conditions of that implied-in-fact contract.

36. Defendants paid a portion of the full bill charges but refused to pay the outstanding amount due of $454,064.01. That partial payment reflects Defendants' acknowledgement of the existence of the implied-in-fact contract. The dispute is not over whether payment is owed, but rather the amount of payment owed.

37. Defendants breached that implied-in-fact contract by not paying Stanford Hospital the amount due of $454,064.01 for the medically necessary services (including emergency related medical services) rendered to the Patients.

38. As a result of Defendants' breach of the implied contract, Stanford Hospital suffered damages in an amount to be proven at trial but not less than the sum of $454,064.01, exclusive of interest

///

## THIRD CAUSE OF ACTION

(*Quantum Meruit*)

(Against all Defendants)

39. Stanford Hospital incorporates by reference and re-alleges paragraphs 1 through 20 here as though set forth in full.

40. Stanford Hospital informed and believes and thereon alleges that at all relevant times, the Patients, as members of Defendants' health plans, paid premiums for medical coverage. In exchange for such payment of premiums, Patients expected Defendants to accept, process, arrange for, and/or pay hospitals for the medically necessary services (including emergency related medical services) rendered to the Patients.

41. Stanford Hospital informed and believes and thereon alleges that by providing such medically necessary services to Patients, Stanford Hospital conferred a benefit upon Defendants because it allowed Defendants to make good on promises made to their members that their members and their families would receive and be covered for medically necessary services and would shield their members from the bulk of the financial responsibility for payment for medical care received by them and their families. For example, when the plan beneficiaries pay premiums, Defendants become obligated to accept, process, arrange for, and/or pay health care providers for the value of medical services rendered to their members and/or their families. Thus, by fulfilling its coverage obligations to its plan members and their families, Defendants do not have to face allegations that they breached any duties owed to the plan members and their families. In other words, by rendering medically necessary services to Patients upon Defendants, Stanford Hospital helped Defendants fulfill their legal duty as explained above. Thus, a

benefit accrued to Defendants and Stanford Hospital is entitled to the reimbursement of the reasonable value of the services. The reasonable value of the services is Stanford Hospital's usual and customary full bill charges.

42. Stanford Hospital is informed and believes and thereon alleges that Defendants promised its members (including the Patients or their representatives) it would arrange for and/or pay for medically necessary services (including emergency related medical services) needed by them.

43. Stanford Hospital is informed and believes and thereon alleges that Defendants instructed its members to seek medical services at the nearest emergency hospital if they believe they are experience an emergency medical condition. By such instructions Defendants is requesting the emergency hospitals, including Stanford Hospital, to provide the medically necessary services (including emergency related medical services) to its members, including the Patients.

44. Accordingly, when Stanford Hospital rendered medically necessary services (including emergency related medical services) to the Patients, Defendants benefited because Stanford Hospital thereby assisted Defendants in meeting its obligation to arrange for and/or pay for medically necessary services to its members, including the Patients.

45. Defendants own conduct manifested an implicit request for Stanford Hospital to render medically necessary services (including emergency related medical services) to its members: first, Defendants instructed its members to seek emergency relates medical services at the nearest emergency hospital; second, Defendants verified insurance eligibility information for the Patients under

Defendants' health plans; third Defendants authorized the medical services for the Patients; fourth, Defendants failed to make arrangement to transfer the Patients to another hospital; and fifth, Defendants issued partial payment for the medical services rendered to the Patients.

46. Thus, by its words and/or conduct, Defendants requested that Stanford Hospital provide the Patients with medically necessary services (including emergency related medical services).

47. Acting pursuant to Defendants' implied and/or express request, Stanford Hospital provided the Patients with medically necessary services (including emergency related medical services).

48. Stanford Hospital's rendering of medically necessary services (including emergency related medical services) to the Patients was intended to, and did, benefit the Patients and therefore Defendants.

49. For rendering the medically necessary services (including emergency related medical services) to the Patients, Stanford Hospital reasonably expected reimbursement at the reasonable value (i.e., Stanford Hospital's usual and customary full bill charges) of the services provided.

50. As stated above, Stanford Hospital's usual and customary total billed charges for the medically necessary services (including emergency related medical services) it rendered to the Patients was at least $519,398.73.

51. Within the past two years, Stanford Hospital demanded Defendants to pay for the medically necessary services (including emergency

related medical services) it rendered to the Patients.  But Defendants paid only a portion and failed to pay the amount due of $454,064.01 the medically necessary services (including emergency related medical services) rendered to the Patients.

52.     As a result of Defendants' misconduct, Stanford Hospital has suffered damages in an amount to be proven at trial according to proof, but which amounts to at least $454,064.01, exclusive of interest.

**PRAYER FOR RELIEF**

**WHEREFORE**, Stanford Hospital prays for judgment as follows:

For the First Cause of Action:

53.     for the principal sum of $454,064.01;

For the Second Cause of Action:

54.     for the principal sum $454,064.01;

For the Third Cause of Action:

55.     for the principal sum $454,064.01;

For All Causes of Action:

56.     for interest on such principal sum at the rate of 15% per annum, pursuant to Cal. Health & Safety Code § 1371; or, in the alternative, for

interest on such principal sum at the rate of 10% per annum, pursuant to Cal. Civ. Code § 3289;

      57.    for all costs of suit incurred herein; and,

      58.    for such other and further relief as the Court deems just and proper.

Dated:  December 14, 2022

LAW OFFICES OF STEPHENSON,
ACQUISTO & COLMAN, INC.

*/s/ Barbara V. Lam*
BARBARA V. LAM
Attorneys for
Stanford Health Care

31591

- 15 -   COMPLAINT