ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Law Corporation
Edward Ho                State Bar No. 176144
    EHo@aalrr.com
Neil M. Katsuyama        State Bar No. 273172
    Neil.Katsuyama@aalrr.com
Ali R. Kazempour         State Bar No. 326474
    Ali.Kazempour@aalrr.com
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone:  (562) 653-3200
Fax:  (562) 653-3333

Attorneys for Defendants THE CHEFS' WAREHOUSE,
INC., WELFARE BENEFIT PLAN and TRUSTMARK
HEALTH BENEFITS, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD HEALTH CARE, a California nonprofit corporation,<br><br>Petitioner,<br><br>v.<br><br>THE CHEFS' WAREHOUSE, INC. WELFARE BENEFIT PLAN, a California entity; TRUSTMARK HEALTH BENEFITS, INC., a Delaware entity, and DOES 1 THROUGH 25, INCLUSIVE,<br><br>Respondent. | Case No.    5:22-cv-07737-EJD<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge:    Hon. Edward J. Davila<br>Date:     June 1, 2023<br>Time:     9:00 a.m.<br>Courtroom:    4 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 1, 2023 at 9:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Edward J. Davila of the United States District Court for the Northern District of California, in Courtroom 4 of the United States Courthouse located at 280 South 1st Street, San Jose, California, Defendants The Chefs' Warehouse, Inc. Welfare Benefit Plan and Trustmark Health Benefits, Inc. ("Defendants") will and hereby do move this Court

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

for an Order, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing Plaintiff Stanford Health Care's ("Plaintiff") claims for breach of oral contract, breach of implied-in-fact contract, and quantum meruit on the grounds that Plaintiff's Complaint fails to state a claim upon which relief can be granted and Plaintiff's claims are preempted.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the records and files of this Court, any matters of which the Court may take judicial notice, and such further evidence and argument as may be presented at or before the hearing on this Motion.

Dated:  January 19, 2023

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By:  /s/ Neil M. Katsuyama
     Edward C. Ho
     Neil M. Katsuyama
     Ali R. Kazempour
     Attorneys for Defendants THE CHEFS'
     WAREHOUSE, INC. WELFARE
     BENEFIT PLAN and TRUSTMARK
     HEALTH BENEFITS, INC.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................. 8

II.    LEGAL STANDARD ............................................................ 9

III.   ARGUMENT ....................................................................... 10

   A.    PLAINTIFF FAILS TO STATE A BREACH OF ORAL
         CONTRACT CLAIM ....................................................... 10

      1.    The Breach of Oral Contract Claim is Preempted by
            ERISA .................................................................... 10

      2.    There was No Meeting of the Minds on the Terms of the
            Alleged Oral Contract ............................................ 11

      3.    Plaintiff's Claim is Barred by the Statute of Frauds ............... 12

      4.    The Alleged Oral Agreement was Illusory ..................... 13

   B.    PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF
         IMPLIED CONTRACT ................................................... 14

      1.    Breach of Implied-in-Fact Contract is Preempted by
            ERISA .................................................................... 14

      2.    Implied in Fact Contract Cannot Contradict a Written
            Contract ................................................................. 15

      3.    There Was No Meeting of the Minds on Essential Terms ....... 16

   C.    PLAINTIFF FAILS TO STATE A CLAIM FOR QUANTUM
         MERUIT ........................................................................ 18

      1.    Plaintiff's Claim for Quantum Meruit is Preempted by
            ERISA .................................................................... 18

      2.    The Quantum Meruit Claim Cannot Contradict a Written
            Contract ................................................................. 19

      3.    There was No Request for Services Made by Defendants ....... 19

      4.    Defendants Were Not Directly Benefited ...................... 20

IV.    CONCLUSION .................................................................. 22

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

# TABLE OF AUTHORITIES

**Pages**

**FEDERAL CASES**

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ......................................................................................... 9

*Aton Ctr., Inc. v. Blue Cross and Blue Shield of N.C.*
   Case No. 3:20-cv-00492-WQHBGS, 2020 U.S. Dist. LEXIS 138600
   (S.D. Cal. Aug. 3, 2020) ................................................................................ 20

*Avanguard Surgery Ctr., LLC v. Cigna Healthcare of Cal., Inc.*
   No. 2:20-cv-03405-ODW, 2020 U.S. Dist. LEXIS 156826, 2020
   WL 5095996 (C.D. Cal. Aug. 28, 2020) ........................................................ 17

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ......................................................................................... 9

*Healthcare Ally Mgmt. of Cal., LLC v. Cumulus Media Inc.*
   No. CV 22-5196 PA, 2022 U.S. Dist. LEXIS 209767 (C.D. Cal.
   Nov. 17, 2022) ................................................................................................ 17

*Ingersoll-Rand Co. v. McClendon*
   498 U.S. 133 (1990) ....................................................................................... 10

*IV Sols., Inc. v. United Health Care Servs., Inc.*
   Case No. CV 16-09598-MWF, 2017 WL 3018079 (C.D. Cal. July
   12, 2017) ........................................................................................................ 20

*Lee v. City of Los Angeles*
   250 F.3d 668 (9th Cir. 2001), overruled on other grounds by
   *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) ................. 9

*Moody v. Liberty Life Assurance Co*
   No. C07-01017 MJJ, 2007 U.S. Dist. LEXIS 32837 (N.D. Cal. Apr.
   19, 2007) ........................................................................................................ 15

*O'Connor v. Uber Techs., Inc.*
   No. C-13-3826 EMC, 2013 U.S. Dist. LEXIS 171813 (N.D. Cal.
   Dec. 5, 2013) ........................................................................................... 15, 16

*Olson v. Gen. Dynamics Corp.*
   960 F.2d 1418 (9th Cir. 1991) ....................................................................... 10

*Papasan v. Allain*
   478 U.S. 265 (1986) ......................................................................................... 9

*Parrino v. FHP, Inc.*
   146 F.3d 699 (9th Cir. 1998), *superseded by statute on other
   grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443
   F.3d 676 (9th Cir. 2006) ................................................................................ 16

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

018139.00013
39872483.1

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Pages**

*Peralta v. Hispanic Business, Inc.*
419 F.3d 1064 (9th Cir. 2005) ................................................................. 10

*Shaw v. Delta Airlines, Inc.*
463 U.S. 85 (1983) ................................................................................. 10

*Stanford Health Care v. Blue Cross Blue Shield of N.C., Inc.*
Case No. 21-cv-0498-BLF, 2022 U.S. Dist. LEXIS 11482 (N.D.
Cal. Jan. 21, 2022) .............................................................................. 20

*Stanford Health Care v. Blue Cross Blue Shield of North Carolina, Inc.*
(N.D. Cal., Jan. 21, 2022, No. 21-CV-04598-BLF) 2022 WL
195847 ............................................................................ 9, 17, 20, 21

*Stanford Health Care v. Trustmark Services Company and The Chefs'
Warehouse, Inc.*
Case No. 3:22-cv-03946-RS, ECF No. 41 ......................................... 17

*Stanford Health Care v. Trustmark Services Company*
N.D. Cal. Case No. 3:22-cv-03946-RS ................................................. 9

*Summit Estate, Inc. v. Cigna Healthcare of Cal., Inc.*
No. 17-CV-03871-LHK, 2017 U.S. Dist. LEXIS 167462, 2017 WL
4517111 (N.D. Cal. Oct. 10, 2017) ..................................................... 18

**STATE CASES**

*Allied Anesthesia Med. Grp., Inc. v. Inland Empire Health Plan* (2022)
80 Cal. App. 5th 794 ............................................................................ 17

*Banner Entertainment, Inc. v. Superior Court* (1998)
62 Cal.App.4th 348 .............................................................................. 11

*Bowers v. Raymond J. Lucia Companies, Inc.* (2012)
206 Cal.App.4th 724 ............................................................................ 12

*Bustamante v. Intuit, Inc.* (2006)
141 Cal.App.4th 199 ............................................................................ 11

*Engle v. Aetna Cas. Ins. Co.* (1936)
12 Cal. App. 2d 686 ............................................................................. 13

*Foley v. Interactive Data Corp.* (1988)
47 Cal.3d 654 ................................................................................. 15, 19

*Forgeron Inc. v. Hansen* (1957)
149 Cal. App. 2d 352 ........................................................................... 13

*Green Valley Landowners Association v. City of Vallejo*
241 Cal. App. 4th 425 (2015) ............................................................... 16

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT

# TABLE OF AUTHORITIES
## (CONTINUED)

**Pages**

*Hedging Concepts, Inc. v. First Alliance Mortgage Co.* (1996)
41 Cal.App.4th 1410 .................................................................................. 19

*McClenahan v. Keyes* (1992)
188 Cal. 574, 206 P. 454 ........................................................................... 13

*McMillin Homes Constr., Inc. v. Nat'l Fire & Marine Ins. Co.* (2019)
35 Cal. App. 5th 1042 ................................................................................ 13

*Oasis West Realty, LLC v. Goldman* (2011)
51 Cal.4th 811 ............................................................................................ 11

*Ochs v. PacifiCare of California* (2004)
115 Cal.App.4th 782 .................................................................................. 19

*Pac. Bay Recovery, Inc. v. California Physicians' Servs., Inc.* (2017)
12 Cal. App. 5th 200 ................................................................... 12, 17, 20

*Port Medical Wellness, Inc. v. Connecticut General Life Insurance Company* (2018)
24 Cal.App.5th 153 ........................................................................ 15, 18, 19

*Scottsdale Ins. Co. v. Essex Ins. Co.* (2002)
98 Cal. App. 4th 86 .................................................................................... 13

*Torlai v. Lee* (1969)
270 Cal. App. 2d 854 ................................................................................. 13

*Weddington Productions, Inc. v. Flick* (1988)
60 Cal.App.4th 793 .................................................................................... 11

**FEDERAL CODES/STATUTES**

29 U.S.C. § 1002 ............................................................................................. 10

29 U.S.C. § 1003 ............................................................................................. 10

29 U.S.C. § 1144(a) .................................................................................. 10, 14

42 U.S.C. § 1395dd(h) ..................................................................................... 14

Emergency Medical Treatment and Labor Act, 42 U.S.C. § 1395dd, *et seq.* ......................................................................................................... 13

Employee Retirement Income Security Act (ERISA) ............................... passim

Fed. R. Civ. P. Rule 8(a) ................................................................................... 9

Fed. R. Civ. P. Rule 12(b)(6) ........................................................................... 9

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# TABLE OF AUTHORITIES
## (CONTINUED)

**Pages**

**STATE CODES/STATUTES**

Cal. Civ. Code § 1550 .................................................................................................. 13

Cal. Civ. Code § 1580 .................................................................................................. 11

Cal. Health & Safety Code §§ 1317 *et seq.* ................................................................. 13

California Civil Code § 1624(a)(2) ............................................................................... 12

California Health and Safety Code § 1317(b) .............................................................. 14

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

# MEMORANDUM OF POINTS AND AUTHORITIES
## I. <u>INTRODUCTION</u>

Defendant Trustmark Health Benefits, Inc. administers the employer health plan for Defendant The Chefs' Warehouse, Inc. (the "Health Plan"). Plaintiff Stanford Health Care ("Plaintiff") alleges that it provided medical services to an unspecified number of patients (the "Patients") who were covered by the Health Plan. Defendants paid Plaintiff consistent with the terms of the Health Plan, but Plaintiff filed this action because Plaintiff demands reimbursements far in excess of the amount it is entitled to under the Health Plan. Despite the fact that the Health Plan is governed by the Employee Retirement Income Security Act (ERISA), Plaintiff has asserted three state law causes of action against Defendants. Each fails for several equally dispositive reasons.

First, all three of Plaintiff's claims are preempted by ERISA. Plaintiff's claims effectively seek recovery from an ERISA plan while avoiding the procedures set forth in the ERISA statute.

Second, Plaintiff's claims for breach of oral contract and breach of implied-in-fact contract fail to establish that a contract was formed and they are barred by the Statute of Frauds. There are no allegations showing an agreement on the price to be paid and therefore Plaintiff failed to plead facts showing a meeting of minds as to the contract price. Plaintiff is also asserting that Defendants are obligated to pay for alleged debts of the unnamed Patients, but such an agreement is required to be in writing under the Statute of Frauds.

Third, Plaintiff's claim for quantum meruit fails because allegations that the Patients were eligible for benefits are not sufficient to demonstrate that Defendants requested or benefited from the services provided by Plaintiff.

Fourth, Plaintiff's claim for breach of implied-in-fact contract and quantum meruit are barred because an express written agreement, the Health Plan, already governs Defendants' obligations. An implied-in-fact contract and quantum meruit

1   claim cannot vary the terms of an existing written contract.

2       Many of these same issues were addressed in *Stanford Health Care v. Blue*

3   *Cross Blue Shield of North Carolina, Inc.* (N.D. Cal., Jan. 21, 2022, No. 21-CV-

4   04598-BLF) 2022 WL 195847 (which involves the same Plaintiff) and in *Stanford*

5   *Health Care v. Trustmark Services Company,* N.D. Cal. Case No. 3:22-cv-03946-

6   RS, (which involves the same Plaintiff and Defendants).  In both cases, motions to

7   dismiss were granted.  The same result should attain here.

8       For the reasons set forth below, Plaintiff's claims should be dismissed in their

9   entirety.

10   ## II.   LEGAL STANDARD

11      A complaint should be dismissed if it fails "to state a claim upon which relief

12   can be granted." *See* Fed. R. Civ. P. Rule 12(b)(6). "[T]o survive a motion to

13   dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to

14   state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

15   678 (2009); Fed. R. Civ. P. Rule 8(a). "A claim has facial plausibility when the

16   plaintiff pleads factual content that allows the court to draw the reasonable inference

17   that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. That

18   is, the factual content alleged must demonstrate "more than labels and conclusions,

19   and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*

20   *Corp. v. Twombly*, 550 U.S. 544, 554, 555 (2007) (citing *Papasan v. Allain*, 478

21   U.S. 265, 286 (1986); *see Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir.

22   2001), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d

23   1119 (9th Cir. 2002).  "Factual allegations must be enough to raise a right to relief

24   above the speculative level." *Twombly*, 550 U.S. at 555. Factual allegations

25   consisting of conclusory statements are not entitled to a presumption of truth. *See*

26   *Iqbal*, 556 U.S. at 681. Here, Plaintiff has failed to allege sufficient facts to establish

27   any liability of Defendants.

28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

## III.   ARGUMENT

## A.   PLAINTIFF FAILS TO STATE A BREACH OF ORAL CONTRACT CLAIM

Plaintiff's breach of oral contract claim fails as a matter of law and should be dismissed for four independent reasons: (1) it is preempted by ERISA; (2) the Complaint's threadbare allegations do not show a meeting of the minds; (3) it is barred by the Statue of Frauds; and (4) there was no consideration.

### 1.   The Breach of Oral Contract Claim is Preempted by ERISA

ERISA applies to any "employee benefit plan." 29 U.S.C. § 1003. An "employee benefit plan" includes "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization…established or is maintained for the purpose of providing for its participants or their beneficiaries…medical, surgical, or hospital care or benefits." 29 U.S.C. § 1002. The Complaint admits that the Patients were "members of Defendants' commercial health plans." (Compl. ¶ 8.)  Therefore, an ERISA plan is at issue.

ERISA's conflict preemption provision broadly "supersede[s] any and all State laws insofar as they . . . relate to any" ERISA plan. 29 U.S.C. § 1144(a). State laws "relate to" an employee benefit plan if they have a connection with or reference to such plan. *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 96–97 (1983).  State laws relate to an ERISA plan for purposes of preemption, "even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990). ERISA preempts state law claims that require interpretation of an ERISA plan or ERISA law. *Peralta v. Hispanic Business, Inc.,* 419 F.3d 1064, 1069 (9th Cir. 2005). State law tort and implied contract remedies are conflict preempted even when ERISA does not authorize a similar cause of action. *Olson v. Gen. Dynamics Corp.*, 960 F.2d 1418, 1424 (9th Cir. 1991).

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Here, Plaintiff alleges that "Defendants' agents orally advised Stanford Hospital of any applicable copayment, coinsurance and deductible amounts and represented that: i) the Patients were eligible beneficiaries under Defendants' health plan; and ii) Stanford Hospital would be reimbursed for the medically necessary services provided to the Patients at Stanford Hospital's usual and customary total billed charges, subject to the copayments, coinsurance, or deductible amounts disclosed." (Compl. ¶ 22.)  These allegations entirely revolve around the Plan and thus are subject to ERISA.  The alleged oral contract arises from Defendants' representation that the Patients are eligible beneficiaries under the Health Plan and the amount to be paid requires an assessment of the "copayments, coinsurance, or deductible amounts" set forth in the Health Plan.  Plaintiff's claim for breach of oral contract is closely intertwined with the terms of the Health Plan and thus is preempted by ERISA, it should be dismissed.

**2.** **There was No Meeting of the Minds on the Terms of the Alleged Oral Contract**

To state a claim for breach of an oral or written contract, a plaintiff must allege (1) the existence of contract, (2) its own performance or a valid excuse for not performing, (3) the defendant's breach, and (4) resulting damage. *Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821.  A contract exists only if the parties have a "'meeting of the minds on all material points.'" *Bustamante v. Intuit, Inc.* (2006) 141 Cal.App.4th 199, 215, 45, quoting *Banner Entertainment, Inc. v. Superior Court* (1998) 62 Cal.App.4th 348, 359. "Consent is not mutual, unless the parties all agree upon the same thing in the same sense." Cal. Civ. Code § 1580.  It is not enough that the parties agree on "some of the terms." *Ibid.* Nor is it sufficient if the "essential terms [are] only sketched out, with their final form to be agreed upon in the future." *Id.* at p. 213. Only if the agreed-upon terms "provide a basis for determining the existence of a breach and for giving an appropriate remedy" is there a contract. *Weddington Productions, Inc. v. Flick* (1988) 60 Cal.App.4th 793, 811;

- 11 -

*Bowers v. Raymond J. Lucia Companies, Inc.* (2012) 206 Cal.App.4th 724, 734.

Here, Plaintiff alleges that "Stanford Hospital would be reimbursed for the medically necessary services provided to the Patients at Stanford Hospital's usual and customary total billed charges, subject to the copayments, coinsurance, or deductible amounts disclosed." (Compl. ¶ 22.)  Plaintiff does not allege that there was any agreement as to a specific rate or specific services that would be provided and, as set forth above, an agreement as to general outlines or only some of the terms is not sufficient to create a contract.  *Pac. Bay Recovery, Inc. v. California Physicians' Servs., Inc.* (2017) 12 Cal. App. 5th 200, 216 is apposite.  In that case, the Court of Appeal held that an alleged agreement to pay the "usual, reasonable and customary charges" was insufficient to create a contract because "there is no indication in the FAC what exactly [the insurer] agreed to pay." *Id.*  Like in *Pacific Bay*, the alleged promises of some undefined rate for unspecified services should be dismissed for lack of mutual assent.

### 3.  <u>Plaintiff's Claim is Barred by the Statute of Frauds</u>

Plaintiff's claim for breach of oral contract must be dismissed because it is a contract that must have been in writing pursuant to the Statute of Frauds.  California Civil Code section 1624(a)(2) provides that "[t]he following contracts are invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent:…A special promise to answer for the debt, default, or miscarriage of another, except in the cases provided for in Section 2792."  Here, Plaintiff claims that Defendants made an oral promise to pay debts allegedly owed by the Patients.  Plaintiff alleges "Defendants have failed to properly pay Stanford Hospital for medically necessary services rendered to the patients …" (Compl. ¶ 8); "Defendants … orally advised Stanford Hospital … Stanford Hospital would be reimbursed for the medically necessary services provided to the Patients …" (Compl. ¶ 22); and "Defendants breached the oral contract by failing to pay

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Stanford Hospital … for the medical care … provided to the Patients" (Compl. ¶ 26).

Plaintiff's allegation that Defendants promised to pay for the Patients' medical care is similar to *Engle v. Aetna Cas. Ins. Co.*, (1936) 12 Cal. App. 2d 686, 688, wherein the Court of Appeal applied the Statute of Frauds in holding that an oral promise by an insurer to pay for the medical care of another is invalid. *See also McClenahan v. Keyes*, (1992) 188 Cal. 574, 581-82, 206 P. 454, 457 (holding that a mother's promise to pay for medical services provided to her daughter must be in writing). Because oral agreements to pay the alleged debt of another are invalid and unenforceable, the Statute of Frauds bars Plaintiff's breach of oral contract claim and it should be dismissed.

### 4.    The Alleged Oral Agreement was Illusory

Plaintiff has failed to allege sufficient facts to state a claim for breach of oral contract because Plaintiff has not alleged that it provided any consideration. Plaintiff admits that it was already required to provide medical services under state and federal law (Compl. ¶ 11) and therefore assumed no obligation in its alleged contract with Defendants. Consideration is a required element to form a contract. Cal. Civ. Code § 1550; *Forgeron Inc. v. Hansen* (1957) 149 Cal. App. 2d 352, 360; *Torlai v. Lee* (1969) 270 Cal. App. 2d 854, 858 ("[i]t is essential to the existence of a contract that there be sufficient cause or consideration, for a promise unsupported by consideration has no binding force."). When one party fails to provide any consideration and assumes no obligation, the agreement is illusory. *Scottsdale Ins. Co. v. Essex Ins. Co.* (2002) 98 Cal. App. 4th 86, 95; *McMillin Homes Constr., Inc. v. Nat'l Fire & Marine Ins. Co.* (2019) 35 Cal. App. 5th 1042, 1059.

Here, Plaintiff admits that "pursuant to state and federal laws," Plaintiff was "required by law to provide emergency services regardless of the patient's financial status or insurance coverage." (Compl. ¶ 11.) This accurately states Plaintiff's obligations under the Emergency Medical Treatment and Labor Act (EMTALA),

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

42 U.S.C. § 1395dd, *et seq.* and Cal. Health & Safety Code §§1317 *et seq.* EMTALA provides that a hospital "may not delay provision of an appropriate medical screening examination required under subsection (a) or further medical examination and treatment required under subsection (b) in order to inquire about the individual's method of payment or insurance status."  42 U.S.C. § 1395dd(h). California Health and Safety Code section 1317(b) provides that "[i]n no event shall the provision of emergency services and care be based upon, or affected by, the person's…ability to pay for medical services" and subsection (d) states that "[e]mergency services and care shall be rendered without first questioning the patient or any other person as to his or her ability to pay therefor."

Since Plaintiff was already obligated to provide medical services under federal and state law, there was no "consideration."  Plaintiff cannot make a contract offering what it is already obligated to provide.  Since there was no consideration, there was no contract between Plaintiff and Defendants.  Accordingly, Plaintiff's claim for breach of oral contract must be dismissed.

## B.   PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF IMPLIED CONTRACT

Plaintiff's implied contract claim fails as a matter of law and should be dismissed for three independent reasons: (1) it is barred by ERISA; (2) it is barred by contract; and (3) there was no meeting of the minds.

### 1.   Breach of Implied-in-Fact Contract is Preempted by ERISA

As set forth above, ERISA's conflict preemption provision broadly "supersede[s] any and all State laws insofar as they . . . relate to any" ERISA plan. 29 U.S.C. § 1144(a).  Plaintiff asserts there was an implied-in-fact contract with Defendants wherein Defendants agreed to pay Plaintiff more than was provided for by the Health Plan.  This alleged contract was based upon prior conduct between the Parties; Plaintiff alleges that "through custom and practice, Stanford Hospital and Defendants impliedly agreed and understood that Stanford Hospital would render

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

medically necessary services (including emergency related medical services) to Defendants' members, submit its full bill charges for such services to Defendants, and that Defendants would pay Stanford Hospital at the reasonable value." (Compl. ¶ 30.)

Similar allegations were addressed in the matter of *Port Medical Wellness, Inc. v. Connecticut General Life Insurance Company* (2018) 24 Cal.App.5th 153, 177 wherein the plaintiff in that case had alleged that the insurer established a "course of conduct" by previously paying the hospital over the course of two years for treatment of other patients. The Court of Appeal held that the "implied contract cause of action is fundamentally a claim for benefits under ERISA and is therefore preempted under section 514(a) of ERISA." *Id.* at 178. Here, Plaintiff is also alleging that there was some implied contract based upon a prior course of conduct. (Comp. ¶ 30.) Just as in *Port Medical*, this is "creative pleading" that is fundamentally a claim for unpaid benefits under an ERISA plan, is preempted, and should be dismissed. *Id.*

## 2.   Implied in Fact Contract Cannot Contradict a Written Contract

The existence of an express contract, the Health Plan, bars Plaintiff's implied contract claim. "There cannot be a valid express contract and an implied contract, each embracing the same subject, but requiring different results." *Foley v. Interactive Data Corp.*, (1988) 47 Cal.3d 654, 688, 700, footnote 42. Courts routinely dismiss implied contract claims where an express written agreement exists. *See, e.g., O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2013 U.S. Dist. LEXIS 171813, at *38, 44-45 (N.D. Cal. Dec. 5, 2013) (dismissing implied contract and quantum meruit claims with prejudice due to the existence of an express contract that governed the subject matter of the dispute).

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Here, the Plan Document (Ex. 1)[1] is an express contract that governs the Parties' rights and obligations concerning any reimbursement for medical services provided to any Plan members, and the existence of that express contract bars Plaintiff's implied contract claim.  The Plan Document is integral to claims asserted in the Complaint because it is the contract that creates and controls the Health Plan, which is discussed in the Complaint and without which Defendants would not be involved in this case. The Complaint does not plead any grounds for suing Defendants other than the fact that they are the sponsor and administrator of an ERISA plan. Without the Plan Document, Plaintiff has no claim against Defendants.

Plaintiff should not be permitted to plead around the Plan Document that controls its right to reimbursement from the Health Plan. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (recognizing that it is proper to consider a plan document to "[p]revent plaintiffs from surviving a 12(b)(6) motion by deliberately omitting references to [plan] documents upon which their claims are based."), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006). Because it is plain from the face of the Complaint that an express contract covers the subject matter of the Parties' dispute, the Court should dismiss Plaintiff's implied contract claim. *O'Connor*, 2013 U.S. Dist. LEXIS 171813, at *38, 44-45.

### 3.   There Was No Meeting of the Minds on Essential Terms

The essential elements of a breach of an implied contract and an express contract are the same: (1) the contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damages to the plaintiff. *Green Valley Landowners Association v. City of Vallejo*, 241 Cal. App. 4th 425, 433 (2015). The only distinction lies in the mode of manifesting assent. "[A]n

---

[1] The Court may consider the Plan Document in analyzing this Motion. *See also Moody v. Liberty Life Assurance Co*, No. C07-01017 MJJ, 2007 U.S. Dist. LEXIS 32837, at *10-11 (N.D. Cal. Apr. 19, 2007) (considering plan documents in ruling on motion to dismiss because they were referenced in the complaint and no party questioned their authenticity).

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1   express contract is stated in words" and "an implied contract [is] manifested by

2   conduct." *Id.*

3       The Complaint fails to plead sufficient facts to establish the existence of an

4   implied contract between Plaintiff and Defendants.   "A claim for breach of an

5   implied-in-fact contract requires plaintiffs to plead the agreed-upon rate." *Allied*

6   *Anesthesia Med. Grp., Inc. v. Inland Empire Health Plan* (2022) 80 Cal. App. 5th

7   794, 810 (affirming dismissal of implied-in-fact contract claim brought by provider

8   against healthcare plan that allegedly verified benefits and authorized procedures).

9   Nowhere does Plaintiff allege that Defendants promised to pay any specific rates for

10  the services at issue.  As a result, even if benefits were verified, authorizations were

11  given, and payments were made by the Health Plan, such alleged conduct is

12  insufficient to create an implied contract as a matter of law.  *See Pacific Bay*

13  *Recovery, Inc. v. Cal. Physicians' Services, Inc.* (2017) 12 Cal. App. 5th 200, 216.

14      Two other courts in this District recently dismissed nearly identical claims

15  brought by the same Plaintiff and the same Plaintiff's counsel as this case. *See*

16  *Stanford Health Care v. Blue Cross Blue Shield of North Carolina, Inc.* (N.D. Cal.,

17  Jan. 21, 2022, No. 21-CV-04598-BLF) 2022 WL 195847 ("*Stanford v. BCBS*").

18  The district court in *Stanford v. BCBS* followed the overwhelming weight of

19  precedent by rejecting Plaintiff's theories and held that "[t]he case law does not

20  support Stanford's position that verification of benefits and authorization of services

21  are sufficient to plead mutual assent for an implied contract claim."  *Stanford v.*

22  *BCBS*  at *6. The district court in *Stanford Health Care v. Trustmark Services*

23  *Company and The Chefs' Warehouse, Inc.*, Case No. 3:22-cv-03946-RS, ECF No.

24  41 – which involves the same parties and counsel as this case – reached the same

25  result, and an order granting the motion to dismiss was issued on January 18, 2023.

26      These results are consistent with many other decisions which have held that,

27  although "an insurer's confirmation that they pay the [usual and customary] rate for

28  specific procedures can constitute a promise to pay," mere "statements of plan

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1  coverage or terms generally are not clear and unambiguous promises to pay." *See*

2  *Healthcare Ally Mgmt. of Cal., LLC v. Cumulus Media Inc.*, No. CV 22-5196 PA

3  (PLAx), 2022 U.S. Dist. LEXIS 209767, at *11-12 (C.D. Cal. Nov. 17, 2022)

4  (citing, *inter alia*, *Avanguard Surgery Ctr., LLC v. Cigna Healthcare of Cal., Inc.*,

5  No. 2:20-cv-03405-ODW (RAOx), 2020 U.S. Dist. LEXIS 156826, 2020 WL

6  5095996, at *3 (C.D. Cal. Aug. 28, 2020); *Summit Estate, Inc. v. Cigna Healthcare*

7  *of Cal., Inc.*, No. 17-CV-03871-LHK, 2017 U.S. Dist. LEXIS 167462, 2017 WL

8  4517111, at *6 (N.D. Cal. Oct. 10, 2017)).

9      Accordingly, Plaintiff has failed to allege sufficient facts to establish the

10  existence of an implied contract and its second cause of action should be dismissed.

11  **C.   PLAINTIFF FAILS TO STATE A CLAIM FOR QUANTUM MERUIT**

12      Plaintiff's quantum meruit claim fails as a legal matter and should be

13  dismissed for four independent reasons: (1) it is preempted by ERISA; (2) it is

14  barred by written contract; (3) the Complaint does not plausibly allege facts showing

15  that Defendants requested the services; and (4) the Complaint does not plausibly

16  allege facts showing that Defendants directly benefitted.

17  **1.   Plaintiff's Claim for Quantum Meruit is Preempted by ERISA**

18      Plaintiff's claim for quantum meruit is an attempt to unlawfully bypass the

19  procedural requirements of ERISA.  In *Port Med. Wellness, Inc. v. Connecticut Gen.*

20  *Life Ins. Co.*, 24 Cal. App. 5th 153, 180-181 (2018), the plaintiff asserted a quantum

21  meruit claim for the reasonable value of "medically necessary treatments and

22  services to [Plan] members."  The Court of Appeal  explained that "state law claims

23  creating an alternative enforcement mechanism to secure benefits under the terms of

24  ERISA-covered plans are preempted," and "[i]t is difficult to imagine a more

25  apparent claim for unpaid benefits under an ERISA plan than [plaintiff's] quantum

26  meruit claim."  *Id.* at 181.

27      Here, Plaintiff alleges that "the Patients, as members of Defendants' health

28  plans, paid premiums for medical coverage. In exchange for such payment of

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT

premiums, Patients expected Defendants to accept, process, arrange for, and/or pay hospitals for the medically necessary services (including emergency related medical services) rendered to the Patients." (Compl. ¶ 40.) Plaintiff then alleges that "Defendants verified insurance eligibility information for the Patients under Defendants' health plans and "Defendants authorized the medical services for the Patients." (Compl. ¶ 45.) Plaintiff makes it clear that it is seeking additional reimbursement in connection with the Health Plan, just as in *Port Medical*, and is thereby trying to use a state law claim as an alternative enforcement mechanism for benefits under an ERISA plan. The Court here should reach the same conclusion as *Port Medical* and reject Plaintiff's quantum meruit claim because it is preempted by ERISA, and dismiss the claim.

### 2.   The Quantum Meruit Claim Cannot Contradict a Written Contract

As discussed above, recovery under both quantum meruit and implied-in-fact contract theories are barred where the parties have an actual contract covering the same subject matter. *Hedging Concepts, Inc. v. First Alliance Mortgage Co.* (1996) 41 Cal.App.4th 1410, 1420; *Foley,* 47 Cal.3d at 700. Thus, a quantum meruit claim may not be used to supply "missing" contract terms that are not missing. "The reason for the rule is simply that where the parties have freely, fairly and voluntarily bargained for certain benefits in exchange for undertaking certain obligations, it would be inequitable to imply a different liability...." *Hedging,* 41 Cal.App.4th at 1420. Plaintiff's quantum meruit claim is barred because a valid, written contract (the Plan Document) established the terms for the reimbursement of Plaintiff for treatment of the Patients by the Health Plan. Therefore, the quantum meruit claim should be dismissed.

### 3.   There was No Request for Services Made by Defendants

"To recover on a claim for the reasonable value of services under a quantum meruit theory, a plaintiff must establish both that he or she was acting pursuant to

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

either an express or implied request for services from the defendant and that the services rendered were intended to and did benefit the defendant." *Ochs v. PacifiCare of California* (2004) 115 Cal.App.4th 782, 794 (internal citation omitted). The Complaint does not plausibly allege that Defendants requested the medical services at issue. Plaintiff acknowledges that it contacted an unnamed Defendant to verify benefits and obtain authorizations for medical treatment. (Compl. ¶ 22.) This undermines the vague and conclusory allegations that an unnamed Defendant, by its words and/or conduct, expressly or implicitly "requested" Plaintiff to provide the treatment at issue. (Compl. ¶ 45) *See*, *e.g.*, *Aton Ctr., Inc. v. Blue Cross and Blue Shield of N.C.*, Case No. 3:20-cv-00492-WQHBGS, 2020 U.S. Dist. LEXIS 138600, at *6-7 (S.D. Cal. Aug. 3, 2020); *Pac. Bay*, 12 Cal. App. 5th at 214. Clearly, the services were rendered to the Patients at their request, not at the request of Defendants.

The District Court in *Stanford v. BCBS* came to the same conclusion, and explained that "[s]ince BCBS's patients allegedly requested the services at issue in this case, and Stanford allegedly initiated contact with BCBS to verify coverage and seek authorization, Stanford has not adequately alleged that BCBS requested the services at issue." 2022 WL 195847, at *9. The same is true here, it was the Patients who would have requested the medical services and Plaintiff contacted Defendants to verify coverage and seek authorization. (Compl. at ¶ 22) Accordingly, Plaintiff cannot establish a requisite element of a claim for quantum meruit and the claim must be dismissed.

### 4. Defendants Were Not Directly Benefited

The Complaint makes it clear that the Patients were the ones who benefited from Plaintiff's medical services; Plaintiff does not (and cannot) allege any facts showing that Defendants, as Plan administrator and sponsor, directly benefitted from the services rendered. *See Stanford Health Care v. Blue Cross Blue Shield of N.C., Inc.*, Case No. 21-cv-0498-BLF, 2022 U.S. Dist. LEXIS 11482, at *32 (N.D. Cal.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Jan. 21, 2022) ("Stanford can only plausibly allege a direct benefit to BCBS's member, which courts have consistently found not to be sufficient for a quantum meruit claim."); *IV Sols., Inc. v. United Health Care Servs., Inc.*, Case No. CV 16-09598-MWF (AGRx), 2017 WL 3018079, at *11 (C.D. Cal. July 12, 2017) (holding that insurer's members and not the insurer benefitted from the provider's services).

Plaintiff makes a cryptic allegation that "by rendering medically necessary services to Patients upon Defendants, Stanford Hospital helped Defendants fulfill their legal duty as explained above." (Compl. ¶ 41.)  Plaintiff also alleges that by providing services, "Defendants do not have to face allegations that they breached any duties owed to the plan members and their families." (Compl. ¶ 41.)  These allegations appear to confuse Defendants' obligations under the Health Plan. Defendants are not required to seek out medical providers and assign doctors; rather, the Health Plan simply reimburses a portion of the costs of certain medical services obtained by a Health Plan member.  Plaintiff is asserting, without any supporting authority, that an agreement to cover certain financial obligations for payment for medical care somehow gives rise to a duty to ensure that plan members are able to find appropriate medical care.  No such obligation exists, and therefore Plaintiff did not confer a "benefit" on Defendants in providing treatment to the Patients.  This argument was squarely addressed in *Stanford v. BCBS,* wherein in the District Court reasoned that "Stanford argues that the direct benefit that BCBS enjoyed is that its members' services were provided, and if they were not provided by Stanford, they would need to be provided elsewhere….Like many courts before it, this Court does not find Stanford's proffered "benefit" to BCBS to be sufficient to support a quantum meruit claim." 2022 WL 195847, at *10.

Accordingly, Plaintiff cannot establish that Defendants received a "benefit" and the quantum meruit claim should be dismissed.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

# IV.   CONCLUSION

For all the foregoing reasons, Plaintiff's Complaint should be dismissed without leave to amend.

Dated:  January 19, 2023

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By:  /s/ Neil M. Katsuyama
Edward C. Ho
Neil M. Katsuyama
Ali R. Kazempour
Attorneys for Defendants THE CHEFS' WAREHOUSE, INC. WELFARE BENEFIT PLAN and TRUSTMARK HEALTH BENEFITS, INC.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**CERTIFICATE OF SERVICE**

Case Name: *Stanford Health Care v. The Chefs Warehouse, Inc., et al.*

Case No.:   5:22-cv-07737-EJD

On January 19, 2023, I filed the following document(s) described as **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** electronically through the CM/ECF system. All parties on the Notice of Electronic Filing to receive electronic notice have been served through the CM/ECF system.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 19, 2023, at Pasadena, California.

/s/Kaila Simoneit
Kaila Simoneit

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333