ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Law Corporation
Edward Ho                State Bar No. 176144
    EHo@aalrr.com
Neil M. Katsuyama        State Bar No. 273172
    Neil.Katsuyama@aalrr.com
Ali R. Kazempour         State Bar No. 326474
    Ali.Kazempour@aalrr.com
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone:  (562) 653-3200
Fax:  (562) 653-3333

Attorneys for Defendants THE CHEFS' WAREHOUSE, INC. WELFARE BENEFIT PLAN and TRUSTMARK HEALTH BENEFITS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD HEALTH CARE, a California nonprofit corporation,<br><br>Petitioner,<br><br>v.<br><br>THE CHEF'S WAREHOUSE, INC. WELFARE BENEFIT PLAN, a California entity; TRUSTMARK HEALTH BENEFITS, INC., a Delaware entity, and DOES 1 THROUGH 25, INCLUSIVE,<br><br>Respondent. | Case No.  5:22-cv-07737-EJD<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF**<br><br>Judge:  Hon. Edward J. Davila<br>Date:   August 10, 2023<br>Time:   9:00 a.m.<br>Courtroom: 4 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 10, 2023 at 9:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Edward J. Davila of the United States District Court for the Northern District of California, in Courtroom 4 of the United States Courthouse located at 280 South 1st Street, San Jose, California, Defendants The Chefs' Warehouse, Inc. Welfare Benefit Plan and Trustmark Health Benefits, Inc. will and hereby do move this Court for an Order, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing

1  Plaintiff Stanford Health Care's claims for violation of California Business and Professions Code
2  § 17200 *et seq.* and for open book account on the grounds that Plaintiff fails to state a claim upon
3  which relief can be granted and Plaintiff's claims are preempted.
4        This Motion is based upon this Notice of Motion and Motion, the accompanying
5  Memorandum of Points and Authorities, the records and files of this Court, any matters of which
6  the Court may take judicial notice, and such further evidence and argument as may be presented at
7  or before the hearing on this Motion.

Dated: February 17, 2023         ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: /s/ Ali Kazempour
    Edward C. Ho
    Neil M. Katsuyama
    Ali R. Kazempour
    Attorneys for Defendants THE CHEFS'
    WAREHOUSE, INC. WELFARE BENEFIT
    PLAN and TRUSTMARK HEALTH
    BENEFITS, INC.

- 2 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEREOF

018139.00013
40259673.1

**TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................................. 8

II. LEGAL STANDARD ........................................................................................................... 10

III. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE ........................................................ 10

    A. Plaintiff's UCL Claim is Preempted by ERISA ..................................................... 10

    B. The Statute Underpinning Plaintiff's UCL Claim Does Not Apply To Defendants ............................................................................................................. 12

    C. Plaintiff Cannot Seek Compensatory Damages Under the UCL and Has No Right To Demand Restitution Because it Did Not Confer Money or Property On Defendants ........................................................................................ 13

IV. PLAINTIFF FAILS TO STATE A CLAIM FOR AN OPEN BOOK ACCOUNT ......... 14

    A. Plaintiff's Open Book Account Claim is Preempted by ERISA ............................ 14

    B. Plaintiff Has Failed to Allege the Existence of an Agreement with Defendants ............................................................................................................. 15

    C. Plaintiff's Open Book Account Claim is Barred by Contract ............................... 17

V. CONCLUSION ..................................................................................................................... 18

- 3 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF

018139.00013
40259673.1

# TABLE OF AUTHORITIES

**Pages**

**FEDERAL CASES**

*Aetna Health Inc. v. Davila* (2004)
    542 U.S. 200 .................................................................................................................... 12

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) .......................................................................................................... 10

*Avanguard Surgery Center, LLC v. Cigna Healthcare of California, Inc.*
    Case No. 2:20-cv-03405-ODW, 2020 U.S. Dist. LEXIS 156826 (C.D. Cal.
    Aug. 28, 2020) .............................................................................................................. 16,17

*Baugh v. CBS, Inc.* (N.D. Cal. 1993)
    828 F.Supp. 745 ................................................................................................................ 13

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) .......................................................................................................... 10

*Cleghorn v. Blue Shield of California*
    408 F.3d 1222 (9th Cir. 2005) ........................................................................................... 12

*Gomez v. California Physicians Service*
    2008 U.S. App. LEXIS 22964 (9th Cir. June 5, 2008) ..................................................... 12

*Hewlett Packard Co. v. Barnes*
    571 F.2d 502 (1978) .......................................................................................................... 11

*Ingersoll-Rand Co. v. McClendon*
    498 U.S. 133 (1990) .......................................................................................................... 11

*Lee v. City of Los Angeles*
    250 F.3d 668 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cnty.
    of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) ................................................................ 10

*Lewis v. William Michael Stemler, Inc.*
    Case No. S-13-0574 KJM EFB, 2013 U.S. Dist. LEXIS 137885 (E.D. Cal. Sep.
    24, 2013) ........................................................................................................................... 14

*Mir v. Southern California Industry Health and Welfare Trust Fund*
    22 F. App'x 888 (9th Cir. 2001) ....................................................................................... 12

*Moody v. Liberty Life Assurance Co*
    Case No. C07-01017 MJJ, 2007 U.S. Dist. LEXIS 32837 (N.D. Cal. Apr. 19,
    2007) ................................................................................................................................. 11

*Namdy Consulting v. Anthem Blue Cross Life & Health Ins. Co.*
    Case No. CV 18-03243 SJO (MRW), 2018 U.S. Dist. LEXIS 238429 (C.D.
    Cal. July 17, 2018) ............................................................................................................ 14

- 4 -

018139.00013
40259673.1

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEREOF

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Pages**

*Olson v. Gen. Dynamics Corp.*
   960 F.2d 1418 (9th Cir. 1991) ................................................................................................ 11

*Papasan v. Allain*
   478 U.S. 265 (1986) ............................................................................................................... 10

*Parrino v. FHP, Inc.*
   146 F.3d 699 (9th Cir. 1998), *superseded by statute on other grounds as
   recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006) ................... 17

*Peralta v. Hispanic Business, Inc.*
   419 F.3d 1064 (9th Cir. 2005) ................................................................................................ 11

*San Joaquin Gen. Hosp. v. Health Care Serv. Corp.*
   Case No. 2:20-cv-01582-MCE-CKD, 2021 U.S. Dist. LEXIS 168091 (E.D. Cal.
   Sept. 3, 2021) ......................................................................................................................... 13

*Seibels Bruce Grp., Inc. v. R.J. Reynolds Tobacco Co.*
   Case No. C-99-0593 MHP, 1999 U.S. Dist. LEXIS 15320 (N.D. Cal. Sep. 21,
   1999) ....................................................................................................................................... 13

*Shaw v. Delta Airlines, Inc.*
   463 U.S. 85 (1983) ................................................................................................................. 11

*Stanford Health Care v. Blue Cross Blue Shield of North Carolina, Inc.*
   Case No. 21-cv-04598-CLF, 2022 U.S. Dist. LEXIS 1148 (N.D. Cal., Jan. 21,
   2022) .................................................................................................................................. 8,15

*Stanford Health Care v. Trustmark Servs. Co.*
   Case No. 22-cv-03946-RS, 2023 U.S. Dist. LEXIS 8654 (N.D. Cal. Jan. 18,
   2023) .................................................................................................................................. 8,15

**STATE CASES**

*Bank of the West v. Superior Court* (1992)
   2 Cal.4th 1254 ........................................................................................................................ 13

*Durkin v. Durkin*
   133 Cal. App. 2d 283, 284 P.2d 185 (1955) .......................................................................... 17

*Eloquence Corp. v. Home Consignment Ctr.*
   49 Cal. App. 5th 655 (2020) .................................................................................................. 17

*H. Russell Taylor's Fire Prevention Serv., Inc. v. Coca-Cola Bottling Corp.*
   99 Cal. App. 3d 711 (1979) ............................................................................................. 15,16

*Maggio, Inc. v. Neal*
   196 Cal. App. 3d 745 (1987) ............................................................................................ 15,17

- 5 -
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEREOF

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

018139.00013
40259673.1

## TABLE OF AUTHORITIES
### (CONTINUED)

**Pages**

*Vikco Ins. Services, Inc. v. Ohio Indem. Co.* (1999)
   70 Cal.App.4th 55 .................................................................................................... 13

**FEDERAL CODES/STATUTES**

29 U.S.C. § 1002 .............................................................................................................. 10

29 U.S.C. § 1003 .............................................................................................................. 10

29 U.S.C. § 1144(a) .................................................................................................... 11,14

Employee Retirement Income Security Act ...................................................................... 8

ERISA .......................................................................................................................passim

ERISA § 502(a) ................................................................................................................ 12

**STATE CODES/STATUTES**

California Civil Procedure Code § 337a .......................................................................... 15

California Code Regs. Title 28, § 1300.71 ....................................................................... 11

California Business and Professions Code § 17200 *et seq.* ................................... 2,9,11,12

California Health & Safety Code § 1371 ......................................................................... 11

California's Knox-Keene Act ........................................................................................... 12

Health and Safety Code § 1371.4 ................................................................................ 12,13

Knox-Keene Act ............................................................................................................... 11

Knox-Keene Act. 2013 ..................................................................................................... 11

Knox-Keene Health Care Service Plan Act of 1975, Cal. Health & Safety Code §§
   1340-1399.5 ............................................................................................................... 11

Since the Knox-Keene Act ............................................................................................... 12

Unfair Business Practices Act .......................................................................................... 13

Unfair Competition Law ................................................................................................. 8,9

**OTHER AUTHORITIES**

28 CCR 1300.71 ............................................................................................................... 11

Fed. R. Civ. P. Rule 8(a) .................................................................................................. 10

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

018139.00013
40259673.1

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Pages**

Fed. R. Civ. P. Rule 12(b)(6) .................................................................................................... 10

Federal Rule of Civil Procedure 12(b)(6) ................................................................................... 1

- 7 -

018139.00013
40259673.1

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEREOF

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendant Trustmark Health Benefits, Inc. ("Trustmark") administers the employer-sponsored health plan (the "Health Plan") for Defendant The Chefs' Warehouse, Inc. ("TCW"). In its First Amended Complaint, Plaintiff Stanford Health Care alleges that it provided medical services to an unspecified number of patients (the "Patients") who were covered by the Health Plan. ECF No. 18 ("FAC"). Defendants paid Plaintiff consistent with the terms of the Health Plan, but Plaintiff filed this action because Plaintiff demands payment far in excess of the amount it is entitled to under the Health Plan. Even though the Health Plan is governed by the Employee Retirement Income Security Act ("ERISA"), Plaintiff's FAC asserts unfounded state-law claims in a failed attempt to bypass ERISA, and should be dismissed with prejudice.

Plaintiff's original Complaint asserted claims for breach of oral contract, breach of implied-in-fact contract, and quantum meruit. *See* ECF No. 1. Defendants filed a Motion to Dismiss the Complaint on January 19, 2023. *See* ECF No. 15. The prior Motion to Dismiss, the arguments of which are incorporated by reference herein, demonstrated a variety of reasons why those state-law claims are preempted by ERISA and otherwise fail to state a claim as a matter of law. As the prior Motion to Dismiss explained, Courts in this District recently dismissed indistinguishable claims filed by this Plaintiff and this Plaintiff's counsel in two prior actions, one of which they brought against these same Defendants. *See Stanford Health Care v. Blue Cross Blue Shield of North Carolina, Inc.*, Case No. 21-cv-04598-CLF, 2022 U.S. Dist. LEXIS 1148 (N.D. Cal., Jan. 21, 2022) (dismissing implied contract claim with leave to amend, and dismissing unjust enrichment claim without leave to amend) ("*BCBS*"); *Stanford Health Care v. Trustmark Servs. Co.*, Case No. 22-cv-03946-RS, 2023 U.S. Dist. LEXIS 8654 (N.D. Cal. Jan. 18, 2023) (dismissing complaint asserting implied contract and quantum meruit claims against Trustmark and TCW with leave to amend) ("*Stanford v. Trustmark*").[1]

---

[1] In the *Stanford v. Trustmark*, Plaintiff and Plaintiff's counsel filed a Second Amended Complaint that is strikingly similar to the FAC here. *See* Case No. 22-cv-03946-RS, at ECF No. 44 (pleading implied contract, unjust enrichment, and Unfair Competition Law claims). Trustmark and TCW

- 8 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEREOF

Shortly before Plaintiff's opposition to the Motion to Dismiss in this case was due, Plaintiff filed its FAC and withdrew all three of its original causes of action. Plaintiff now asserts two state-law claims alleging (1) a violation of California Business and Professions Code § 17200 *et seq.* (the "Unfair Competition Law" or "UCL"), and (2) an Open Book Account. Both claims are preempted by ERISA, fail to state a claim, and should be dismissed with prejudice.

Plaintiff's UCL is preempted by ERISA because it avers (falsely and without any support) that Plaintiff was not paid in accordance with the terms of this employer-sponsored Health Plan. The UCL claim also is founded on alleged violations of a statute that does not apply to this out-of-state Health Plan or Defendants. And Plaintiff improperly seeks compensatory damages when the UCL only allows for restitution—which Plaintiff cannot recover because it did not confer any money or property on Defendants. For each and all of these reasons, the UCL claim fails.

The claim for open book account is also preempted by ERISA, and Plaintiff fails to allege facts establishing the existence of an underlying agreement. The only agreement that governs Plaintiff's right to reimbursement from the Health Plan is the governing Plan Document—which bars this claim. There is no "open book account" just because Plaintiff says so. It strains credulity to believe that Defendants supposedly have an "Open Account" with Plaintiff when they – corporate entities that cannot be patients – never received any hospital services from Plaintiff, and never once agreed to pay Plaintiff's full billed charges, as demonstrated by the Parties' history. If such an obviously bogus claim were to survive here, any plaintiff could evade dismissal merely by alleging that the defendant has an "open book account" even where, as here, they have no direct commercial relationship. Such an untenable result would be a grossly unfair and unjust.

For these reasons and the reasons set forth in more detail below, Plaintiff's FAC should be dismissed in its entirety and with prejudice.

---

are moving to dismiss in that case as well, and expect that the Second Amended Complaint will be dismissed with prejudice. In light of the procedural history of this case, dismissal with prejudice is appropriate here too.

- 9 -
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEREOF

018139.00013
40259673.1

## II. LEGAL STANDARD

A complaint should be dismissed if it fails "to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. Rule 12(b)(6). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. Rule 8(a). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. That is, the factual content alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986). *See also Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Factual allegations consisting of conclusory statements are not entitled to a presumption of truth. *See Iqbal*, 556 U.S. at 681. Here, Plaintiff has failed to allege sufficient facts to establish any liability of Defendants.

## III. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE

### A. Plaintiff's UCL Claim is Preempted by ERISA

ERISA applies to any "employee benefit plan." 29 U.S.C. § 1003. An "employee benefit plan" includes "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization…established or is maintained for the purpose of providing for its participants or their beneficiaries…medical, surgical, or hospital care or benefits." 29 U.S.C. § 1002. The Complaint admits that the Patients were "enrollees and/or members of Defendants' PPO and/or POS commercial health plans that arranged, provided, issued, financed, underwrote, administered, sponsored, and/or paid by Defendants." FAC ¶ 8.

- 10 -
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEREOF

018139.00013
40259673.1

Therefore, an ERISA plan is at issue. *See* Exhibit 1 (Plan Document) (Decl. of Sarrel, ECF No. 15).[2]

ERISA's conflict preemption provision broadly "supersede[s] any and all State laws insofar as they . . . relate to any" ERISA plan. 29 U.S.C. § 1144(a). State laws "relate to" an employee benefit plan if they have a connection with or reference to such plan. *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 96–97 (1983). State laws relate to an ERISA plan for purposes of preemption, "even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990). ERISA preempts state law claims that require interpretation of an ERISA plan or ERISA law. *Peralta v. Hispanic Business, Inc.,* 419 F.3d 1064, 1069 (9th Cir. 2005). State law tort and implied contract remedies are conflict preempted even when ERISA does not authorize a similar cause of action. *Olson v. Gen. Dynamics Corp.*, 960 F.2d 1418, 1424 (9th Cir. 1991).

Plaintiff asserts that Defendants violated California Health & Safety Code § 1371 and Cal. Code Regs. Tit. 28, § 1300.71 (FAC ¶¶ 20, 25, 26, 39), both of which were enacted as part of the Knox-Keene Health Care Service Plan Act of 1975, Cal. Health & Safety Code §§ 1340-1399.5 (Knox-Keene Act).[3] Plaintiff alleges – without any factual or documentary support – that Defendants did not comply with the provisions requiring that Defendants pay "the amount set forth in the enrollee's Evidence of Coverage." FAC at ¶ 20. Plaintiff then alleges that these violations of the Knox-Keene Act constitute an "unlawful business practice" under the Unfair Competition Law, California Business and Professions Code § 17200 *et seq*. (the "UCL"). FAC ¶ 26.

Because Plaintiff's UCL claim relies on the Knox-Keene Act, it is preempted by ERISA. *Hewlett Packard Co. v. Barnes*, 571 F.2d 502, 505 (1978) ("We hold that ERISA preempts

---

[2] The Court may consider the Plan Document in analyzing this Motion. *See also Moody v. Liberty Life Assurance Co*, Case No. C07-01017 MJJ, 2007 U.S. Dist. LEXIS 32837, at *10-11 (N.D. Cal. Apr. 19, 2007) (considering plan documents in ruling on motion to dismiss because they were referenced in the complaint and no party questioned their authenticity).

[3] 28 CCR 1300.71 was enacted by the Director of the Department of Managed Health Care pursuant to the Knox-Keene Act. 2013 CA REG TEXT 324502 (NS).

018139.00013
40259673.1

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF

California's Knox-Keene Act to the extent that Knox-Keene seeks to regulate ERISA-covered employee benefit plans. If California desires to regulate such employee benefit plans as part of its comprehensive health care service legislation, then California must ask Congress to make appropriate changes in ERISA."); *Mir v. Southern California Industry Health and Welfare Trust Fund*, 22 F. App'x 888 (9th Cir. 2001). Since the Knox-Keene Act does not apply to Defendants, Defendants could not have violated its provisions. Defendants therefore could not have engaged in an "unfair business practice" by violating a statute that never applied to Defendants.

Plaintiff's claim is similar to the one that was dismissed in *Cleghorn v. Blue Shield of California*, 408 F.3d 1222 (9th Cir. 2005). In *Cleghorn*, the plaintiff asserted a claim under California Business and Professions Code § 17200 *et seq.* for alleged violations of Health and Safety Code Section 1371.4. *Id.* at 1224. The Ninth Circuit explained that the plaintiff "did not pursue his ERISA remedy but instead brought the present state-law claims" and that "[t]hese are precisely the kind of claims that" have been "held to be pre-empted" and that "Congress's exclusive and comprehensive civil enforcement scheme of section 502 pre-empts any such state-law causes of action." *Id.* at 1225, 1227. *See also Gomez v. California Physicians Service*, 2008 U.S. App. LEXIS 22964 (9th Cir. June 5, 2008) (finding that the plaintiff's Section 17200 claim is "preempted by ERISA" because the plaintiff "wants to recover the benefits that he believes are due under his policy, and he wants the district court to enforce his rights under the plan."); *see generally Aetna Health Inc. v. Davila* (2004) 542 U.S. 200, 216 ("Congress' intent to make the ERISA civil enforcement mechanism exclusive would be undermined if state causes of action that supplement the ERISA § 502(a) remedies were permitted."). Like *Cleghorn*, Plaintiff asserts a claim under the exact same statutes, California Business and Professions Code § 17200 *et seq.* and Health and Safety Code section 1371.4.

Accordingly, Plaintiff's UCL claim is preempted by ERISA and should be dismissed.

**B.     The Statute Underpinning Plaintiff's UCL Claim Does Not Apply To Defendants**

Plaintiff's UCL claim is founded on alleged violations of California Health & Safety Code Section 1371.4. However, Section 1371.4 does not apply to this out-of-state self-funded Health

- 12 -

018139.00013
40259673.1

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEREOF

1  Plan, which is not licensed by California's Department of Managed Health Care. *See San Joaquin Gen. Hosp. v. Health Care Serv. Corp.*, Case No. 2:20-cv-01582-MCE-CKD, 2021 U.S. Dist. LEXIS 168091, at *6 (E.D. Cal. Sept. 3, 2021) (dismissing claim alleging a violation of Section 1371.4). As a matter of law, Plaintiff cannot use a purported violation of an inapplicable statute to support its UCL claim. Plaintiff's ability to obtain reimbursements by the Health Plan for emergency services is limited by the Plan Document. Therefore, Plaintiff's unfounded UCL claim must be dismissed.

### C. Plaintiff Cannot Seek Compensatory Damages Under the UCL and Has No Right To Demand Restitution Because it Did Not Confer Money or Property On Defendants

Sections 17203 and 17535 provide that a plaintiff may recover "any money or property… which may have been acquired by means of such unfair competition" and "any money or property, real or personal, which may have been acquired by means of any practice in this chapter declared to be unlawful."  In other words, the UCL only allows for restitution, not compensatory damages. *See Vikco Ins. Services, Inc. v. Ohio Indem. Co.* (1999) 70 Cal.App.4th 55, 67 (holding that a plaintiff seeking "unrealized commissions and general compensatory damages" could not obtain any such recovery because the "Unfair Business Practices Act simply does not provide a means for recovery of such damages."); *Seibels Bruce Grp., Inc. v. R.J. Reynolds Tobacco Co.*, Case No. C-99-0593 MHP, 1999 U.S. Dist. LEXIS 15320, at *26 (N.D. Cal. Sep. 21, 1999) ("Money damages are not an available remedy under section 17200."); *Baugh v. CBS, Inc.* (N.D. Cal. 1993) 828 F.Supp. 745, 757 ("17203 authorizes injunctions and restitutionary relief, but not damages."); *Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1266 ("damages are not available under section 17203…The only nonpunitive monetary relief available under the Unfair Business Practices Act is the disgorgement of money that has been wrongfully obtained").

Here, Plaintiff alleges that "[a]s a result of Defendants' refusal to properly pay Stanford Hospital for the hospital services, including supplies and/or equipment rendered to the Patients, Defendants have been unjustly enriched in the principal amount of $453,916.01 and/or an amount to be proven at trial, exclusive of interest." FAC ¶ 30.  This is a demand for compensatory

- 13 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEREOF

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

018139.00013
40259673.1

damages, not restitution. Nowhere does Plaintiff allege that it is seeking the return of money wrongfully obtained by Defendants; rather, Plaintiff is seeking monetary damages in the form of additional payments it believes it should have received. Because the UCL only provides for restitution, the relief sought by Plaintiff is not available through the UCL. Therefore, Plaintiff's UCL claim should therefore be dismissed.

### IV. PLAINTIFF FAILS TO STATE A CLAIM FOR AN OPEN BOOK ACCOUNT

#### A. Plaintiff's Open Book Account Claim is Preempted by ERISA

As set forth above, ERISA's conflict preemption provision broadly "supersede[s] any and all State laws insofar as they . . . relate to any" ERISA plan. 29 U.S.C. § 1144(a). Plaintiff asserts that Plaintiff provided hospital services to Plan members and that Plaintiff "has demanded that Defendants pay the amount owing but Defendants has [sic] failed and refused, and continued to fail and refuse, to pay the amount owing." FAC ¶¶ 34-36. At bottom, Plaintiff's claim seeks to recover allegedly unpaid amounts from an ERISA plan.

Such claims are preempted by ERISA because state-law claims cannot supersede or replace the ERISA mechanisms for recovery from a covered plan. That is the conclusion that the District Court reached in *Lewis v. William Michael Stemler, Inc.*, Case No. S-13-0574 KJM EFB, 2013 U.S. Dist. LEXIS 137885 (E.D. Cal. Sep. 24, 2013), wherein the District Court explained that an open book account claim "restates plaintiffs' general allegation that they have not been reimbursed for services they provided to plan members as an out-of-network provider; it is not based on an independent legal duty to pay." *Id.*, at *13. The District Court proceeded to grant the defendant's motion to dismiss. *Id.* at *16-17. The same reasoning was applied in *Namdy Consulting v. Anthem Blue Cross Life & Health Ins. Co.*, Case No. CV 18-03243 SJO (MRW), 2018 U.S. Dist. LEXIS 238429, at *5 (C.D. Cal. July 17, 2018). The District Court in that case explained that the plaintiff is preempted from bringing "state law and contract causes of action outside of ERISA on the basis of claims for services rendered to patients enrolled in the ERISA plans." *Id.* at *6-7.

- 14 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF

018139.00013
40259673.1

1  Plaintiff's claim for open book account is preempted by ERISA and, therefore, should be
2  dismissed.

3  **B.** **<u>Plaintiff Has Failed to Allege the Existence of an Agreement with Defendants</u>**

4  Plaintiff's Second Cause of Action for Open Book Account also fails to state a claim
5  against Defendants because Plaintiff failed to allege the existence of an agreement between
6  Plaintiff and Defendants. California law defines a "book account" as a detailed statement that
7  constitutes the principal record of one or more transactions between a debtor and a creditor arising
8  out of a contract or some fiduciary relation. Cal. Civ. Proc. Code § 337a. To state a claim based
9  upon an open book account, one of the required elements is that the parties entered into an
10 underlying agreement. *See H. Russell Taylor's Fire Prevention Serv., Inc. v. Coca-Cola Bottling*
11 *Corp.*, 99 Cal. App. 3d 711, 728, 160 (1979); *see also Wang & Wang Ltd. Liab. P'ship v. Banco*
12 *do Brasil S.A.*, Case No. 2:06-CV-00761-JAM-KJM, 2009 U.S. Dist. LEXIS 20256, at *11 (E.D.
13 Cal. Mar. 2, 2009) (finding no evidence of an open book account where there was "no evidence of
14 an agreement between the parties that the fees in the underlying litigation would be treated as an
15 open book account."). If Plaintiff cannot plead facts that show an agreement with Defendants to
16 form a book account, and if the parties' conduct does not "show that they intended or expected
17 such an account would be created," then Plaintiff has failed to plead a claim for an open book
18 account. *See Maggio, Inc. v. Neal*, 196 Cal. App. 3d 745, 752 (1987).

19 Here, Plaintiff fails to allege that the Parties entered into any agreement. In conclusory
20 fashion, Plaintiff alleges that "Defendants became indebted to Stanford Hospital within the last
21 two years on an open book account" (FAC ¶ 33), that "Stanford Hospital provided authorized
22 hospital services" to Plan members (FAC ¶ 35), and that "Stanford Hospital has demanded that
23 Defendants pay the amount owing but Defendants have failed and refused…to pay the amount
24 owing" (FAC ¶ 36). Basically, Plaintiff's open book account claim is just a disguised version of
25 its now-withdrawn implied contract claim, which failed for the reasons discussed in *BCBS* and
26 *Stanford v. Trustmark* opinions that dismissed identical implied contract claims that were brought
27 by the same Plaintiff and Plaintiff's counsel. *BCBS*, 2022 U.S. Dist. LEXIS 1148, at *16; *Stanford*
28

- 15 -
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEREOF

018139.00013
40259673.1

*v. Trustmark*, 2023 U.S. Dist. LEXIS 8654, at *7-8.

Conspicuously absent from Plaintiff's open book account are any allegations that Defendants agreed to pay Plaintiff a specific amount for the services it rendered to the Patients issue. Nor would Defendants have any reason to enter into any such agreement because, as explained above, the terms of the Plan Document already set forth the amount at which Defendants would reimburse Plaintiff.

The exact allegations Plaintiff brings here were rejected outright in *Avanguard Surgery Center, LLC v. Cigna Healthcare of California, Inc.*, Case No. 2:20-cv-03405-ODW (RAOx), 2020 U.S. Dist. LEXIS 156826, at *13-17 (C.D. Cal. Aug. 28, 2020). Like Plaintiff, Avanguard alleged that the health plan became indebted based on the plaintiff's maintenance of accounts for insureds it treated on numerous occasions. *See id.* In dismissing Avanguard's open book account claim, the district court held that plaintiff's "internal accounting and payment expectations … does not create an inference that [the insurer's] conduct amount to assent to a book account." *Id.* at *16. Thus, absent an express agreement from the healthcare plan to pay the balances of the provider's accounts, a plaintiff cannot state an open book account claim. *See id.*

The case of *H. Russell Taylor's Fire Prevention Service, Inc. v. Coca Cola Bottling Corp.* (1979) 99 Cal.App.3d 711 is similarly apposite. In that case, the plaintiff asserted a claim for an open book account based upon a ledger of "demurrage charges." *Id.* at 716. The Court of Appeal found that there was no "open book account" because the parties had agreed to separate "refill" charge as a substitute for the "demurrage" charge. *Id.* at 727. The Court of Appeal explained that "the mere recording in a book of transactions or the incidental keeping of accounts under an express contract does not of itself create a book account," there must have been an underlying agreement. *Id.* at 728. Since the defendant agreed to pay the "refill" charges instead of "demurrage charges," an open book account listing "demurrage" charges did not create any obligation on the part of the defendant. Simply put, the mere recording of a charge does not mean that it is actually owed. *See id.*

The same reasoning applies here. Plaintiff has merely alleged that it recorded a ledger of

- 16 -

018139.00013
40259673.1

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF

charges, but its recording of entries in a book is meaningless because Defendants never agreed to those charges in the first place. *See Avanguard*, 2020 U.S. Dist. LEXIS 156826, at *16 ("[M]ere incidental keeping of accounts does not alone create a book account.") (quoting *Maggio*, 196 Cal. App. 3d at 752). To the contrary, Defendants' repeated refusal to pay Plaintiff's billed charges proves that there was no agreement to pay those charges. Because Plaintiff has not alleged (and cannot truthfully allege) that Defendants ever agreed to pay Plaintiff's full billed charges that are supposedly listed a "book account," Plaintiff has failed to state an open book account claim, and it second cause of action should be dismissed.

### C. Plaintiff's Open Book Account Claim is Barred by Contract

Ultimately, the Plan Document is the only contract that governs the Parties' rights and obligations concerning any reimbursement for medical services provided to any Plan members, and the existence of that express contract bars Plaintiff's open book account claim. The Plan Document is integral to claims asserted in the FAC because it is the contract that creates and controls the Health Plan, which is discussed in the FAC, and without which Defendants would not be involved in this case. The FAC does not plead any grounds for suing Defendants other than the fact that TCW is the sponsor of an ERISA plan and Trustmark is the plan administrator. *See* SAC at 4:1-3. Without the Plan Document, Plaintiff has no claim against Defendants.

Plaintiff should not be permitted to plead around the Plan Document that controls its right to reimbursement from the Health Plan. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (recognizing that it is proper to consider a plan document to "[p]revent plaintiffs from surviving a 12(b)(6) motion by deliberately omitting references to [plan] documents upon which their claims are based."), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006). Because Plaintiff has not pleaded any facts to show that Defendants agreed to the be bound by its self-serving open book account, Plaintiff's claim is barred by the governing Plan Document. *See Durkin v. Durkin*, 133 Cal. App. 2d 283, 290, 284 P.2d 185, 190 (1955) ("An express contract, which defines the duties and liabilities of the parties … is not, as a rule, an open account."); *Eloquence Corp. v. Home*

018139.00013
40259673.1

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF

*Consignment Ctr.*, 49 Cal. App. 5th 655, 665 (2020) (money alleged "due under an express contract cannot be recovered in an action on an open book account in the absence of a contrary agreement between the parties.") (citation and internal quotation marks omitted). It is plain from the face of the FAC that an express contract covers the subject matter of the dispute; therefore, the Court should dismiss Plaintiff's open book account claim.

## V. CONCLUSION

For all the foregoing reasons, Plaintiff's First Amended Complaint should be dismissed without leave to amend.

Dated: February 17, 2023                    ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: /s/ Ali Kazempour
Edward C. Ho
Neil M. Katsuyama
Ali R. Kazempour
Attorneys for Defendants THE CHEFS' WAREHOUSE, INC. WELFARE BENEFIT PLAN and TRUSTMARK HEALTH BENEFITS, INC.

# CERTIFICATE OF SERVICE

Case Name: Stanford Health Care v. The Chefs' Warehouse, Inc. Welfare Benefit Plan, et al.

No.: 5:22-cv-07737-EJD

On February 17, 2023, I filed the following document(s) described as DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF electronically through the CM/ECF system. All parties on the Notice of Electronic Filing to receive electronic notice have been served through the CM/ECF system.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 17, 2023, at Pasadena, California.

/s/ Alicia McMaster
ALICIA MCMASTER

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

018139.00013
40259673.1

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF